IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate No. 08-413 (DAR) |
| ) | |
| KEVIN NOBLETTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO SET CONDITIONS OF RELEASE**

Defendant, Kevin Noblette, through undersigned counsel, respectfully moves this Court pursuant to 18 U.S.C. §3145(b) to set conditions of release in this case, and adopt the Pre-trial Services Agency's recommendation that Mr. Noblette be placed in the High Intensity Supervision Program. As grounds for this motion, counsel states:

1. Mr. Noblette, a twenty-three year old recent graduate of Radford College with no criminal record, is presently charged, via a criminal complaint, with transporting child pornography, in violation of 18 U.S.C. §2256(8).

2. Mr. Noblette was arrested pursuant to the criminal complaint in Western District of Virginia on July 2, 2008. Mr. Noblette's first court appearance in the Western District of Virginia occurred on the morning of July 3, 2008, when he appeared, without counsel, before Magistrate Michael F. Urbanski. Magistrate Urbanski explained to Mr. Noblette the nature of the Removal proceeding, and further informed Mr. Noblette of his right to counsel. Mr. Noblette explained to Magistrate Urbanski that he did not have counsel and asked Magistrate Urbanski to have counsel appointed to represent him in his matter. Magistrate Urbanski then continued the matter until the afternoon session and made arrangements to have court appointed counsel represent Mr. Noblette.

3. Just before the afternoon hearing, Mr. Noblette had a five-minute meeting with his court appointed counsel. The meeting was so brief Mr. Noblette does not remember the lawyer's name.

4. The Roanoke office of the Pre-trial Services Agency recommended that Mr. Noblette be released pending his removal to this District. The Government, however, objected to the Pre-trial Services Agency's recommendation and sought Mr. Noblette's detention In support of its detention request, the Government called Metropolitan Police Department Detective Timothy Palchak, who outlined the facts underlying the charges in the criminal complaint. The only witness called at the hearing on Mr. Noblette's behalf was Michael Noblette, Mr. Noblette's father. Michael Noblette, however, had not met with, or even talked to, Mr. Noblette's attorney before being called to testify at the hearing, and did not know why he had been called to testify. At the conclusion of the hearing, Magistrate Urbanski ordered Mr. Noblette detained pending his removal to this jurisdiction.

5. Pursuant to 18 U.S.C. §3145 (b) Mr. Noblette now seeks this Court to set conditions of release in this case. As noted above, the Roanoke office of the Pre-trial Services Agency reviewed this case and recommended Mr. Noblette's release. That conclusion is share by our own Pre-trial Services Agency, which has also recommended Mr. Noblette's release. As noted in our Pre-trial Services Agency report, Mr. Noblette is a recent graduate of Radford College with no criminal record. There is no evidence of any substance abuse and all of his personal information has been verified. If released, Mr. Noblette, who is only 23 years old, would return home to live with his parents in Luray, Virginia. Although there are computers in the Noblette's home, there are no internet connections or dial-up accounts.

18 U.S.C. §3142 specifically envisions that individuals charged under 18 U.S.C. §2256 be released pending trial, so long as certain minimum release condition are set, such as electronic

monitoring, regular reporting to the Pre-trial Services Agency, "stay aways" from alleged victims, compliance with a curfew and restriction on travel. Mr. Noblette's case is one such a case.

There is no evidence Mr. Noblette is a risk if flight. The only evidence of dangerousness is the instant charge. There is no evidence Mr. Noblette has ever been involved in the production of child pornography Moreover, as noted in the Affidavit in support of the Criminal Complaint in this case, the police first became aware of Mr.. Noblette on December 13, 2006, but did not seek a warrant for his arrest until June 30, 2008, eighteen months later.

There is no question that the pending charge is exceedingly serious. It is equally true, however, that our bail statute specifically envisions that the nature of the charge alone does not warrant detention with out bond. Given the nature of the facts supporting the instant charge, coupled with Mr. Noblette's background and the release conditions available to the Court, Mr. Noblette urges the Court to adopt the recommendation of our Pre-trial Service Agency and place Mr. Noblette in the High Intensity Supervision Program.

WHEREFORE, the defendant respectfully requests that this motion be granted.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender


/s/
DAVID W. BOS.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | |
| v.  ) | **Magistrate No. 08-413 (DAR)** |
|  ) | |
| **KEVIN NOBLETTE,**  ) | |
|  ) | |
| **Defendant.**  ) | |
| _____ ) | |

**ORDER**

Upon consideration of defendant's motion to set conditions of release, it is hereby

**ORDERED** that the motion is granted and the Defendant is hereby placed in the High Intensity Supervision Program until further or of this Court.

_____
DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

cc:
Mr. Michael Luckenich
Pretrial Services

David W. Bos
Assistant Federal Public Defender

Carla D. Clark
Assistant United States Attorney