UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

KEVIN NOBLETTE,

Defendant.

Criminal No. 08-413M-01
DAR

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

FILED

JUL 3 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## I. INTRODUCTION

Defendant is charged by criminal complaint with transportation of child pornography in interstate commerce in violation of 18 U.S.C. § § 2255A(a)(1), 2256. A detention hearing was conducted by the undersigned United States Magistrate Judge on July 23, 2008.[1]

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

---

[1] On the same date, Defendant waived his preliminary hearing. The basis of the undersigned's determination to conduct the detention hearing is set forth in detail on the record.

United States v. Noblette                                                                                                  2

18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense involving a minor victim under Section 2252A(a)(1) of the Title 18. 18 U.S.C. § 3142(e).

United States v. Noblette                                                                                                      3

## III. DISCUSSION

Counsel for the government offered the testimony of Timothy Palchak, the detective of the Metropolitan Police who swore to the affidavit in support of the complaint and arrest warrant. See Document No. 1. Detective Palchak testified in detail with respect to the facts alleged in the affidavit. Among the government exhibits which were admitted without objection were Exhibit 2, a transcript of the on-line conversations between Defendant and Detective Palchak, and Exhibit 7, a copy of a photography of Defendant which Defendant sent to Detective Palchak. Detective Palchak testified that during one of their "chats," Defendant said that he had digitally penetrated the vagina of a five-year-old girl while he accompanied the child on a water slide at an amusement park.

Detective Palchak testified that when Defendant's apartment was searched at the time of Defendant's arrest on July 2, 2008, at least 500 movies and as many as 5,000 other images of "very graphic hard-core" child pornography were seized. Detective Palchak added that the audio portions of some of the recordings revealed the sounds of children resisting and crying.

In a statement following his arrest, Defendant acknowledged having worked at an amusement park, but denied hearing digitally penetrated a child who visited there. According to Detective Palchak, Defendant said that he became interested in child pornography in his late teens, and that he had "tried to help" himself but was always "drawn back to it." Defendant also denied that he had any intention of traveling to the District of Columbia to meet the virtual child who was the subject of his chats with Detective Palchak.

Defendant, through his counsel, proffered that he is 23 years old; that he is a recent college graduate; that he has no prior record, and that both the Roanoke, Virginia and District of

United States v. Noblette                                                                                                          4

Columbia Pretrial Services offices recommended that Defendant be released on conditions pending trial. Defendant proffered that his parents were in court, and that he can reside with them during the pendency of this action. Finally, Defendant proffered that there is no internet access available at his parents' home, and that in any event, his parents are prepared to remove all computers from the home.

### IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds that the government has shown by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that Defendant was actively engaged in the distribution child pornography.

Second, the undersigned finds, upon consideration of the evidence proffered by the government, that the weight of the evidence against Defendant appears substantial.

Third, the undersigned finds that the circumstances relevant to Defendant's history and characteristics are especially aggravating. Defendant, by his own admission, has long-standing interest in child pornography, and has been unable to end it; indeed, the movies and still images recovered from Defendant's apartment so indicate. Of even greater concern is Defendant's claim during a chat with Detective Palchak that he molested a five-year-old girl entrusted to his care.

Fourth, for the reasons set forth with respect to the third factor, the danger to the community which would be presented by Defendant's release is unspeakably grave.

United States v. Noblette                                                                                              5

The undersigned finds that Defendant's limited proffer is wholly insufficient to rebut either of the applicable presumptions. See <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 23, 2008 Order of Detention.

                                                                             /s/
                                      DEBORAH A. ROBINSON
                                      United States Magistrate Judge

  July 31, 2008
     DATE


  July 23, 2008
NUNC PRO TUNC